UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

AMBER RAE ARNESEN,
    Petitioner,

v.　　　　　　　　　　　　　　　　　　　Case No. 8:20-cv-2029-KKM-SPF

SECRETARY, DEPARTMENT
OF CORRECTIONS,
    Respondent.
_____

# ORDER

Amber Rae Arnesen, a Florida prisoner, filed a pro se Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254, challenging her conviction based on alleged errors of the trial court and alleged failures of her trial counsel. (Doc. 1.) Having considered the petition, (*id.*), the response opposing the petition as time-barred, (Doc. 8), and Arnesen's reply, (Doc. 9), the petition is dismissed as time-barred. Because reasonable jurists would not disagree, Arnesen is also not entitled to a certificate of appealability.

I.    BACKGROUND

A state court jury convicted Arnesen of carjacking. (Doc. 8-2, Ex. 2.) The state trial court sentenced her to 30 years in prison. (*Id.*, Ex. 3.) The state appellate court per curiam affirmed the conviction and sentence. (*Id.*, Ex. 6.) The state court denied Arnesen's motion

1

for postconviction relief under Florida Rule of Criminal Procedure 3.850. (*Id.*, Exs. 7 & 8.) The state appellate court per curiam affirmed the denial of relief. (*Id.*, Ex. 11.)

## II. ANALYSIS

### A. The Petition's Untimeliness Under 28 U.S.C. § 2244

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) governs this proceeding. *Carroll v. Sec'y, DOC*, 574 F.3d 1354, 1364 (11th Cir. 2009). Under the AEDPA, a federal habeas petitioner has a one-year period to file a § 2254 petition. This limitation period begins running on the later of "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). It is tolled for the time that a "properly filed application for State post-conviction or other collateral review" is pending in state court. 28 U.S.C. § 2244(d)(2).

The state appellate court affirmed Arnesen's conviction and sentence on February 14, 2018. (Doc. 8-2, Ex. 6.) Her judgment became final 90 days later, on May 15, 2018, when the time to petition the Supreme Court of the United States for a writ of certiorari expired. *See Bond v. Moore*, 309 F.3d 770, 774 (11th Cir. 2002). Arnesen's AEDPA limitation period began to run the next day on May 16, 2018. She had until May 16, 2019, absent any tolling attributable to a properly filed collateral motion in state court, to file her § 2254 petition.

Arnesen did not file any state court tolling applications by May 16, 2019. She did not move for postconviction relief until June 13, 2019. (Doc. 8-2, Ex. 7, p. 7.) Her postconviction motion thus has no effect on the AEDPA limitation period because that period cannot be revived. *See Tinker v. Moore*, 255 F.3d 1331, 1333 (11th Cir. 2001) ("[A] state court petition . . . that is filed following the expiration of the federal limitations period 'cannot toll that period because there is no period remaining to be tolled.' " (quoting *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000))). Accordingly, Arnesen's § 2254 petition, filed on August 25, 2020, is untimely under § 2244(d).

### B. Equitable Tolling

Arnesen argues that she is entitled to equitable tolling. Section 2244(d) "is subject to equitable tolling in appropriate cases." *Holland v. Florida*, 560 U.S. 631, 645 (2010). A petitioner is entitled to equitable tolling "only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing" of his § 2254 petition. *Id.* at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). A petitioner must "show a causal connection between the alleged extraordinary circumstances and the late filing of the petition." *San Martin v. McNeil*, 633 F.3d 1257, 1267 (11th Cir. 2011). The diligence required is "reasonable diligence," not "maximum feasible diligence." *Holland*, 560 U.S. at 653 (internal quotation marks and citations omitted).

Because this is a "difficult burden" to meet, the Eleventh Circuit "has rejected most claims for equitable tolling." *Diaz v. Sec'y for Dep't of Corr.*, 362 F.3d 698, 701 (11th Cir. 2004); *see also Johnson v. United States*, 340 F.3d 1219, 1226 (11th Cir. 2003) ("[E]quitable tolling applies only in truly extraordinary circumstances."); *Steed v. Head*, 219 F.3d 1298, 1300 (11th Cir. 2000) ("Equitable tolling is an extraordinary remedy which is typically applied sparingly."). "[T]he burden of proving circumstances that justify the application of the equitable tolling doctrine rests squarely on the petitioner" and "[m]ere conclusory allegations are insufficient to raise the issue of equitable tolling." *San Martin*, 633 F.3d at 1268. The applicability of equitable tolling is determined on a case-by-case basis. *See Holland*, 560 U.S. at 649-50.

In her petition, Arnesen states that "the whole prison has been on a lock down due to many positive cases" of COVID-19 and that "our law library has been closed down for quite some time and I've had to do this on my own." (Doc. 1, pp. 20-21.) But Arnesen does not allege that any lockdowns related to COVID-19 occurred *before* the expiration of her AEDPA limitation period on May 16, 2019. Nor would that timeline of events make sense, given when the pandemic began. She does not respond to or challenge Respondent's assertion that Florida did not record its first positive test result for COVID-19 until March 1, 2020. (Doc. 8, p. 4.) As Arnesen does not establish a causal connection

4

between any prison lockdowns related to COVID-19 and the late filing of her § 2254 petition, equitable tolling is not warranted.

In her reply, Arnesen states that her petition is untimely through "no fault of her own" because she relied upon a prison law clerk who misinformed her about the time limitation. (Doc. 9, pp. 1-2.) Arnesen's reliance on misadvice from a prison law clerk is not a basis for equitable tolling. The prison law clerk is not an attorney. *See, e.g., Cadet v. Fla. Dep't of Corr.*, 853 F.3d 1216, 1236 (11th Cir. 2017) (listing circumstances under which an attorney's acts or omissions might provide a basis for equitable tolling); *see also Moore v. Crews*, No. 13-14482-CIV, 2014 WL 12651190 at *9 (S.D. Fla. Apr. 3, 2014), *report and recommendation adopted*, 2014 WL 12652325 (S.D. Fla. May 7, 2014) (rejecting a petitioner's claim of equitable tolling based on the petitioner's reliance on a jailhouse lawyer's misadvice). Arnesen does not demonstrate entitlement to equitable tolling.[1]

## III. CERTIFICATE OF APPEALABILITY

Arnesen is not entitled to a certificate of appealability (COA). A prisoner seeking a writ of habeas corpus has no absolute entitlement to a COA. 28 U.S.C. § 2253(c)(1). The district court or circuit court must issue a COA. *Id.* To obtain a COA, Arnesen must show that reasonable jurists would debate both (1) the merits of the underlying claims and (2)

---

[1] Arnesen does not argue that her untimely petition may be considered on the basis that new evidence demonstrates her actual innocence. *See McQuiggin v. Perkins*, 569 U.S. 383 (2013).

5

the procedural issues she seeks to raise. *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Because the petition is time-barred, Arnesen cannot satisfy the second prong of the *Slack* test. As Arnesen is not entitled to a COA, she is not entitled to appeal in forma pauperis.

The Court therefore **ORDERS** that Arnesen's Petition for Writ of Habeas Corpus (Doc. 1) is **DISMISSED as time-barred**. The **CLERK** is directed to enter judgment against Arnesen and in Respondent's favor and to **CLOSE** this case.

**ORDERED** in Tampa, Florida, on March 30, 2023.

*/s/ Kathryn Kimball Mizelle*
Kathryn Kimball Mizelle
United States District Judge